IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LOUIS SIMPSON, #02297-028 §

VS. § CIVIL ACTION NO. 4:12cv31
CRIMINAL ACTION NO. 4:08cr123(1)

UNITED STATES OF AMERICA §

## POSTJUDGMENT MEMORANDUM OPINION AND ORDER

Movant filed a motion for reconsideration of the final judgment in this case. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Final judgment issued on March 24, 2015, and Movant's motion was filed on April 6, 2015; accordingly, the instant motion is properly filed under Rule 59.

## RULE 59(e) MOTION

A Rule 59 (e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59 motion "serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-49 (5th Cir. 2004). The Fifth Circuit has enumerated grounds on which a district court may grant a Rule 59 motion: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Rule 59 does not allow the relitigation of old matters, the raising of new

1

arguments, or the submission of evidence that was available prior to the entry of final judgment. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 478 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp.2d 463, 465 (E.D. La. 2000) and 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice & Procedure* § 2810.1 at 124 (2d ed. 1995)). The standards applicable to Rule 59(e) "favor the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

In Movant's Rule 59 motion, he asserts that he timely filed objections based on the prison mailbox rule, and that the district court should have conducted a *de novo review*. The record shows that the Report and Recommendation was issued on March 6, 2015, and after receiving no objections, the case was dismissed on March 24, 2015. Objections were filed on March 27, 2015. According to the acknowledgment of receipt that was received by the court on March 30, 2015, Movant did not receive the Report and Recommendation in this case until twelve days after it was issued - March 18, 2015. Accordingly, his objections were timely filed. Thus, it is proper for the court to conduct a *de novo* review of Movant's objections.

In his objections, Movant complains that counsel did not consult him concerning the issues being raised on direct appeal. Thus, he contends the court should consider the issues that were procedurally barred based on the fact that they were not raised on direct appeal. However, appellate counsel is not required to consult an appellant on issues to be raised on appeal. An appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the movant did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12,

77 L. Ed.2d 987 (1983). Movant failed to show trial errors with arguable merit. *Hooks*, 480 F.2d at 1198.

Movant also reasserts his ineffective assistance of counsel claims in his objections. However, he has provided nothing that would alter the outcome of his case. In each of his ineffective assistance of trial counsel claims, Movant fails to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984). In each of his ineffective assistance of appellate counsel claims, Movant fails to show a reasonable probability that, but for his counsel's allegedly deficient performance, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). Furthermore, even if the records from the Texas Secretary of State had been admitted, Movant fails to meet his burden of showing that a reasonable jury would not have convicted him after considering the overwhelming amount of other evidence presented at trial. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). As has been established numerous times, a reference to USB, U.S. Benefits Plus LP, U.S. Benefits Plus, Inc., and U.S. Benefits Plus is a reference to the same group of entities. Moreover, the records from the Texas Secretary of State were available at the time of trial; thus, this information is not considered "new evidence." The court further notes that trial counsel raised this issue in his motion for judgment of acquittal, and after this court denied the motion, the Fifth Circuit Court of Appeals affirmed.

Although the court has granted relief to the extent that it has conducted a *de novo* review of Movant's objections, Movant has failed to show manifest errors of law or newly discovered evidence that entitle him to any further relief. *Templet,* 367 F.3d at 478-49. He has not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore*, 318 F.3d at 629. He has failed to show that he is entitled to the extraordinary relief provided for in Rule 59. *Templet*, 367 F.3d at 478. It is accordingly

**ORDERED** that Movant's motion to reconsider (docket entry #32) is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this the 23rd day of June, 2015.**

_/s/ Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE