IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LOUIS SIMPSON  #25400-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:12cv31** |
| | § | **CRIMINAL ACTION NO. 4:08cr123(1)** |
| **UNITED STATES OF AMERICA** | § | |

### MEMORANDUM OPINION AND ORDER

Movant filed "Motion to Set Aside District Court Judgment in Petitioner's Sec. 2255 Proceedings, in Pursuant of the Federal Rule of Civil Procedure 60(b) and 60(d)(3) and in Violation of Petitioner's Constitutional Right of Due Process" (Dkt. #37).  After reviewing the motion and the record, the court is of the opinion that the motion should be denied.

### I. BACKGROUND

On October 29, 2009, a jury found Movant guilty of seven counts of wire fraud and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1343, 1028A, respectively.  On April 30, 2010, the court sentenced him to 183 months:  135 months for the wire fraud counts to run concurrently, and 24 months for the aggravated identity theft counts, to run consecutively to each other and consecutively to the 135-month wire fraud counts.  On May 7, 2010, Movant filed a notice of appeal.  On March 8, 2011, the court entered an amended judgment, setting restitution in the amount of $1,005,136.18.  Movant filed a *pro se* notice of appeal to the amended judgment.  On April 4, 2011, the United States Court of Appeals for the Fifth Circuit requested supplemental briefs by each party in response to the amended judgment.  On September 12, 2011, the Fifth Circuit affirmed Movant's conviction and sentence.  *United States v. Simpson*, 440 F. App'x, 393 (5th Cir. 2011). Movant then filed a motion to vacate, set aside, or correct sentence on January 13, 2012, and this court denied his motion and dismissed his case with prejudice on March 24, 2015.  Movant filed an appeal, and the Fifth Circuit denied a certificate of appealability on January 18, 2016.  In its order, the Fifth Circuit concluded that Movant failed to show a violation of a constitutional right in

1

the nine issues raised in his § 2255 motion.

## II. DISCUSSION

Movant states he is bringing the instant motion pursuant to Rule 60(b) and 60(d)(3) of the Federal Rules of Civil Procedure. When a movant's Rule 60 motion is an attempt to gain relief from his conviction, however, a court should construe it as a § 2255 motion. *See United States v. Ruiz*, 51 F. App'x 483(5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (Rule 60 motions should be construed as successive habeas petitions governed by the AEDPA's provisions). In the instant motion, Movant seeks the same relief as that sought in his § 2255 motion. Movant is attempting to avoid the procedural hurdles of filing a successive and untimely § 2255 motion by filing the instant motion for relief pursuant to Federal Rule of Civil Procedure 60. Because Movant is challenging his underlying conviction, the motion is appropriately construed as a § 2255 motion.

The record shows that Movant's § 2255 motion was denied and the case was closed on March 24, 2015. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Accordingly, the court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit. *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant filed a prior § 2255 motion, and the Fifth Circuit did not grant permission to file a successive § 2255 motion). Movant fails to allege or show that the Fifth Circuit granted him permission to file a successive § 2255 motion. Therefore, the present motion should be dismissed for lack of jurisdiction. *Id*.

It is accordingly **ORDERED** that Movant's "Motion to Set Aside District Court Judgment in Petitioner's Sec. 2255 Proceedings, in Pursuant of the Federal Rule of Civil Procedure 60(b) and 60(d)(3) and in Violation of Petitioner's Constitutional Right of Due Process" (Dkt. #37) is

**DISMISSED FOR LACK OF JURISDICTION**.

  **IT IS SO ORDERED**.

  **SIGNED this the 20th day of November, 2021.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE