# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **LOUIS SIMPSON  #25400-078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:12cv31** |
| § | **CRIMINAL ACTION NO. 4:08cr123(1)** |
| **UNITED STATES OF AMERICA** § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Movant's "Motion for Recusal of a District Judge Pursuant to 28 U.S.C. Sec. 455(a) with Attached Affidavit in Pursuant of 28 U.S.C. Sec. 144" (Dkt. #38). Having considered the motion, the court is of the opinion that the motion should be denied.

Title 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Further, 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the

1

bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, it is well-established that mere disagreement with a court's ruling is almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994), *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Affidavits based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296.

Here, Movant's allegations do not rise to the level of an extrajudicial, personal bias against Movant. Movant fails to provide evidence that would lead a reasonable person to conclude that the undersigned was biased against Movant, nor is there any evidence pointing to a personal, non-judicial bias. Movant asserts that the prosecutor commented that the district judge would find him guilty "no matter what" if he chose not to plead guilty (Dkt. #38-2, p. 3). Even if the prosecutor actually made the alleged comment, this was not a comment from the undersigned United States District Judge, and it fails to show bias or prejudice from the court. Furthermore, Movant asserts that because he filed a complaint with the Department of Justice, the undersigned was biased against him. Without more, Movant fails to show bias or prejudice. Finally, Movant complains about the undersigned's evidentiary rulings and sentence in his criminal case, but he fails to show that the rulings and sentence were clouded by the court's bias or prejudice. In sum, Movant fails to show any valid basis for the removal of the undersigned from this action.

Movant also filed a "Motion for Expedited Post Conviction Release on Bond Pending Habeas Corpus Decision and/or an Evidentiary Hearing" (Dkt. #39). Movant has subsequently filed "Petitioner's Motion to Withdraw Motion for Expedited Post Conviction Release on Bond Pending Habeas Corpus Decision" (Dkt. #43). Accordingly, the court will grant the motion to withdraw.

Based on the foregoing, it is hereby

**ORDERED** that Movant's "Motion for Recusal of a District Judge Pursuant to 28 U.S.C. Sec. 455(a) with Attached Affidavit in Pursuant of 28 U.S.C. Sec. 144" (Dkt. #38) is **DENIED**. It is further

**ORDERED** that "Petitioner's Motion to Withdraw Motion for Expedited Post Conviction Release on Bond Pending Habeas Corpus Decision" (Dkt. #43) is **GRANTED**. It is finally

**ORDERED** that Movant's "Motion for Expedited Post Conviction Release on Bond Pending Habeas Corpus Decision and/or an Evidentiary Hearing" (Dkt. #39) is **WITHDRAWN**.

**IT IS SO ORDERED**.

**SIGNED this the 20th day of November, 2021.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE